**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ANTALEKE PATTERSON                                              PLAINTIFF


v.                                    4:25-cv-01024-LPR-JJV


FRANK J. BISIGNANO,
Commissioner,
Social Security Administration,                                DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Antaleke Patterson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind

1

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is not supported by substantial evidence and this matter should be REVERSED and REMANDED for further development of the record.

Plaintiff was forty-one years old at the time of the administrative hearing. (Tr. 46.)  She testified she is a high school graduate and attended Remington College, having earned a degree as a medical assistant. (48.)  Ms. Patterson has past relevant work as a medical assistant and medical secretary.  (Tr. 30.)

The ALJ[1] first found Ms. Patterson had not engaged in substantial gainful employment since October 8, 2021 - the alleged onset date.  (Tr. 19.)  She has "severe" impairments in the form of "migraine headache, cervicogenic headache, cervical dystonia, idiopathic intracranial hypertension and pseudotumor cerebri status post VP shunt, pseudoseizure disorder, lupus, hand joint synovitis and tendinosis, shoulder degenerative changes, cervical and lumbar degenerative changes, asthma, posttraumatic stress disorder (PTSD), depressive disorder, and generalized

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

anxiety disorder, and obesity." (Tr. 20.)  The ALJ determined that none of her impairments or combination of impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 20-24.)

The ALJ determined Ms. Patterson has the residual functional capacity to perform a reduced range of light work.  (Tr. 24.)  Given his residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform her past relevant work.  (Tr. 30.)  So, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 64-68.)  Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of price marker, inspector, and routing clerk.  (Tr. 31.)  Accordingly, the ALJ determined Ms. Patterson was not disabled.  (Tr. 31-32.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ improperly rejected the opinion of her treating doctor, Scott Lucchese, M.D.  (Doc. 13 at 6-12.)  Dr. Lucchese, a neurologist with the University of Arkansas for Medical Sciences said:

> It is my medical opinion that Ms. Antaleke Patterson should remain out of work until Such time that were able to get control of her severe headaches. Patient has headaches severe migraines, abnormal contraction of the muscles of the neck which are contributing to these headaches and a very difficult to control at this point. Typical medical management is not working well, we are trying alternative medications at this point. She is having daily headaches with slowing of cognition, severe light sensitivity and sound sensitivity, other migrainous features which would generally preclude the ability to perform typical job duties. At this point, until we get better control of these headaches I think it unlikely that she would be able to return to work.

(Tr. 2115.)

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ considered this statement and concluded:

In April 2024, treating Dr. Scott Lucchese indicated that claimant should remain out of work until there was better control of her severe headaches, indicating "having daily headaches with slowing of cognition, severe light sensitivity and sound sensitivity, other migrainous features which would generally preclude the ability to perform typical job duties. At this point, until we get better control of these headaches I think it unlikely that she would be able to return to work." (Ex. 30F). While supported with an explanation, this level of limitation is not consistent with the overall record including the medical evidence that claimant's headaches improved after surgery (9F4) and claimant's activity level including driving and caring for children. Thus, it is not persuasive.

(Tr. 29.)

Plaintiff argues that the ALJ improperly rejected Dr. Lucchese's opinion in two ways. First, she says the ALJ's conclusion that her headaches improved after surgery is not supported by the evidence. (Doc. No. 13 at 7-10.)  And second, she says the ALJ's reliance on her ability to drive and care for her children is an insufficient basis to reject Dr. Lucchese's opinion. (*Id.* at 10-11.)  I agree.

Dr. Lucchese's opinion is important.  He is Plaintiff's treating doctor – a neurologist - and has specialized insight into her medical condition.  And the ALJ unfairly discounted his opinion. Plaintiff's treatment records reveal her headaches are ongoing and debilitating.  (Tr. 1432, 1648, 1654, 1703, 1799, 1832, 1940, 1946, 1967, 1981, 2087, 2089, 2176, 2182, 2189, 2193.)  So, the ALJ's conclusion that her headaches improved after surgery is not correct.

Concerning her ability to drive and care for her children, Plaintiff's children are ages 12, 16, 18 and 20.  (Tr. 47.)  Typically, this matters when the children cannot function on their own showing the parent has the ability to take care of a child's needs – a job that requires stamina. Such is not the case here.  And I agree with Plaintiff that her ability to drive and care for her children goes toward credibility and not discounting her doctor's medical opinion.

4

Given Plaintiff's substantial medical history of headaches, I find the Commissioner committed reversible error by improperly discounting the opinion of Dr. Lucchese. On remand, the Commissioner should reevaluate Ms. Patterson's claims and properly evaluate Dr. Lucchese's opinion. If appropriate, the Commissioner should obtain the necessary consultative medical examinations or medical expert opinion. Additionally, on remand, the Commissioner should reevaluate whether Plaintiff's headache disorder medically equals Listing 11.02. Further development of the record will allow for a more thorough understanding of Plaintiff's headache disorder and whether she is able to perform work at the light exertional level.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be REVERSED and REMANDED for action consistent with this opinion. It is recommended this be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 21st day of April 2026.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDG

5