**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANTALEKE PATTERSON** **PLAINTIFF**

**v.** **Case No. 4:25-cv-01024-LPR**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 16), the Commissioner's Objections (Doc. 17), and the Plaintiff's Reply to the Commissioner's Objections (Doc. 18). After a *de novo* review of the RD and careful consideration of the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects—except to the extent the RD can be construed as inconsistent with the reasoning below.

Having considered the Commissioner's Objections, the Court finds them unpersuasive. The Commissioner essentially asks the Court to look beyond the deficient persuasiveness-of-the-medical-opinion analysis offered by the ALJ and to draw its own inferences from the record evidence to support the ALJ's rationale.[1] But, in a case like this one, the Court is sitting as a court of review, not a court of first view. And the cart does not go before the horse. The ALJ needs to perform a legally sufficient persuasiveness analysis before this Court can review the case under the substantial evidence standard.

To be clear, the first step—a legally sufficient persuasiveness analysis by the ALJ—is critical. It is the only way to ensure that the ALJ (as opposed to this court) is the one making the

[1] *See* Def.'s Objections (Doc. 17) at 2–3 (discussing prior administrative medical findings and activities of daily living that were not identified in the ALJ's decision).

initial determination.[2] In the present posture, then, the Court's job is limited to deciding "whether the ALJ adequately analyzed persuasiveness, including the supportability and consistency factors, not whether [the Court] agree[s] with the ALJ's evaluation of the record evidence on those issues."[3] And on that score, the answer is obvious. The ALJ did not adequately analyze the persuasiveness of Dr. Lucchese's medical opinion.

The relevant regulations state that the ALJ is required to "explain *how* [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision.[4] That's because these factors are the "most important" to the ALJ's persuasiveness analysis.[5] The first of these factors, supportability, relates to how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . ."[6] Supportability is directly correlated with persuasiveness; the more *relevant* the medical source's objective medical evidence and supporting explanations are, the more *persuasive* the source's medical opinion will be.[7]

In this case, the ALJ's bare statement that Dr. Lucchese's opinion was "supported by an explanation" does nothing to elucidate how supportability factored into the medical opinion's persuasiveness. Did the explanation strongly support the medical opinion? How strongly? Or conversely, how weakly? What about the objective medical evidence provided by Dr. Luccchese?

---

[2] The Commissioner may well be right that the administrative record contains substantial evidence to justify the ALJ's supportability and consistency findings. But that is not the problem here. Because the ALJ didn't do what the law requires with respect to the supportability-and-consistency analysis, the ALJ cannot be said to have made a legally sufficient supportability-and-consistency decision in the first place.

[3] *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025). To the extent the RD expresses disagreement with the outcome of the ALJ's evaluation of the evidence with respect to the supportability and consistency factors, the Court emphasizes that its decision to reverse and remand this case is not based on such outcome-related considerations.

[4] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (emphasis added).

[5] *Id*.

[6] *Id*. §§ 404.1520c(c)(1), 416.920c(c)(1).

[7] *Id*.

Was it relevant to and supportive of his opinion, or was it not? How strongly or weakly? The Court doesn't know because the ALJ doesn't say. And without such information, how could the ALJ properly consider this important factor in the persuasiveness analysis?

The ALJ's failure to analyze the corresponding objective medical evidence from Dr. Lucchese is particularly problematic in light of the ALJ's particularly weak consistency analysis. The ALJ would apparently dispense with Dr. Lucchese's medical opinion altogether based solely on its purported inconsistency with (1) an isolated doctor's note referencing an improvement in the headaches, and (2) Plaintiff's ill-defined "activity level."[8] But there are problems with such an analysis.

Every reference to the "improvement" in Plaintiff's headaches cites the same doctor's note, dated two weeks after her shunt was placed.[9] But all the other references to headaches in the ALJ's decision appear to acknowledge the persistent, recurrent, and treatment-resistant nature of Plaintiff's condition—both before and after the one isolated "improvement" note.[10] Meanwhile, the only specific ADLs (Activities of Daily Living) mentioned in the decision are Plaintiff's ability to drive, watch television, paint, and watch her children's sporting events.[11] The ALJ makes no attempt to explain how these limited ADLs are inconsistent with Dr. Lucchese's opinion that Plaintiff's headaches would preclude her from being able to perform typical job duties.

To be sure, the articulation requirement is not a particularly high bar to clear. It is possible that even this weak consistency analysis is sufficient to meet the articulation requirement. But where, as here, it is combined with an absent supportability analysis, the Court feels compelled to

---

[8] Tr. at 29.

[9] Tr. at 21, 25, 29.

[10] Tr. at 25, 26, 28.

[11] Tr. at 22, 23, 27.

conclude that the ALJ's persuasiveness determination is inadequate.

IT IS THEREFORE ORDERED that the Commissioner's decision is REVERSED, and this case is REMANDED for further review. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 2nd day of September 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE